UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN CARROLL, *et al*.,<br><br>Defendants. | No. CR-13-0566 EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNTS FOUR, FIVE AND SIX OF THE INDICTMENT**<br><br>**(Docket Nos. 114-115)** |

## I. BACKGROUND

On September 10, 2008 Reetpaul Rana was shot to death during a drug transaction in Humboldt County, California. A five year investigation into the murder of Rana led to the arrest and indictment of codefendants Ryan Carroll and Robert Lee. In its August 22, 2013 indictment, the government alleges that after Rana was shot and killed by Carroll, Carroll and Lee drove Rana's 1996 Saab to a remote area and set it on fire. *See* Docket No. 1. This allegation forms the basis of counts four, five and six of the government's indictment. *Id*. Count five charges Carroll and Lee with the knowing destruction of a "tangible object" –*i.e.* a 1996 Saab – with the intent to obstruct a federal investigation, in violation of Title 18, United States Code, Section 1519 ("Sarbanes-Oxley Act" or "SOX"). *Id*.

Counts four and six are both predicated on this alleged violation of §1519. Count four alleges that Carroll and Lee formed a conspiracy to violate § 1519. Count six alleges that Carroll and Lee "used fire" to achieve their violation of § 1519.

On February 25, 2015, the Supreme Court issued *Yates v. United States*, 135 S. Ct. 1074, 1079 (2015). In *Yates*, the Court applied a narrowing construction to the term "tangible object," as it appears in § 1519. *See id.* Specifically, the Court instructed that "tangible object" is "appropriately read to refer, not to any tangible object, but specifically to the subset of tangible objects involving records and documents, *i.e.*, objects used to record or preserve information."

In response, Carroll and Lee now move to dismiss counts four, five, and six of the indictment because a 1996 Saab does not fall within the Court's definition of "tangible object," and thus the government's allegations of Saab-burning do not support a violation of § 1519.

## II.   DISCUSSION

### A.   Legal Standard

Under Rule 12(b)(1) of the Federal Rules of Criminal Procedure, a defendant may "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." That Rule "permits a defendant to move to quash an indictment for failure to state an offense." *United States v. Ropp*, 347 F. Supp. 2d 831, 833 (C.D. Cal. 2004) (citing *Ex Parte Parks*, 93 U.S. 18, 20 (1876).

An indictment fails to state an offense if it does not allege facts which, if proven, would constitute a violation of "the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1); *see also United States v. Caperell*, 938 F.2d 975, 979 (9th Cir. 1991) (rejecting a challenge to a criminal indictment because the conduct alleged satisfied each element of the offense charged). If the charges within the indictment fail to state a offense against the United States, a district court is deprived of jurisdiction and must dismiss the defective claims. *See United States v. Broncheau*, 597 F.2d 1260, 1262 n. 1 (9th Cir. 1979).

### B.   A Saab Is Not a Tangible Object

Defendants contend that a 1996 Saab sedan is used for transportation, and is not used to record or preserve information. Thus, according to Defendants, a Saab sedan is not a "tangible object" within the meaning of § 1519, as defined in *Yates*, 135 S. Ct. 1074. The Court agrees.

In *Yates*, federal authorities found a fisherman – John Yates – in the Gulf of Mexico with a catch of undersized red grouper. 135 S. Ct. at 1078. The federal agents instructed Yates to keep that

1  undersized grouper on board until the ship returned to port. *Id*. Instead, after the agents departed,
2  Yates told his crew to dispose of the telltale grouper. *Id*. For this offense, Yates was charged with,
3  and convicted of violating 18 U.S.C. § 1519, which provides in relevant portion:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or **tangible object** with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

9   Yates challenged the applicability of section 1519 to his thalassic offense. Specifically,
10  Yates argued that a red grouper is not a record, a document or a tangible object; and thus his disposal
11  of it did not violate the statute. In response, the government argued that a red grouper *is* a tangible
12  object because it "possesses physical form." *Id*. at 1081. The Supreme Court rejected the
13  government's "unrestrained reading" of the term "tangible object" as encompassing all objects in the
14  physical world. *Id*. Instead, the Court held that "a 'tangible object' within § 1519's compass is [an
15  object] used to record or preserve information." *Id*. at 1088-89.

16   As a primary basis for this narrow construction, the Supreme Court noted the historical
17  context and legislative purpose behind passage of the Sarbanes-Oxley Act of which § 1519 is a part.
18  SOX was passed in response to the collapse of the Enron corporation, and the revelation that Arthur
19  Andersen LLP – Enron's outside auditor – "had systematically destroyed potentially incriminating
20  documents." *Id*. at 1081. The Court explained that this context illuminated the congressional intent
21  behind SOX, and strongly indicated that section 1519 was passed to criminalize the intentional
22  destruction of potentially incriminating data – as typified by Arthur Andersen LLP. *Id*. In *Yates*, the
23  Court rejected the argument that § 1519 should be extended "beyond the principal evil motivating its
24  passage," and explicitly limited its application to the knowing destruction of data with the intent to
25  "impede, obstruct, or influence" an investigation. *Id*. Hence, the Court reversed Yate's conviction
26  because a sea captain's disposal of too-small red grouper was not destroying data with the intent to
27  obstruct a federal investigation. *See id*. at 1081. Destruction of the fruits or evidence of a crime
28  does not fall within § 1519 unless what is destroyed is a record, document, or tangible object used to

3

record or preserve information – *i.e.*, there must be a purpose to destroy data, as typified by Arthur Andersen's conduct in the *Enron* case.

Here, the question before the Court is whether the 1996 Saab sedan is a "tangible object" destroyed by Defendants in order to obstruct an investigation. Applying *Yates*, the Court finds that in this case, the 1996 Saab sedan is not such a tangible object within the meaning of § 1519. *See id.* at 1088-89. This determination is guided by common sense as well as the reasoning and statements of *Yates*.

First, one does not ordinarily think of a 1996 Saab sedan as an object used to record or preserve information; rather it is generally used for transportation.

Second, the *Yates* plurality based its narrow construction of "tangible object" partly on the statute's preceding language that evidences an understanding that a tangible object is an object that one can "falsify" or "make a false entry in." *Id*. at 1086. Thus, the *Yates* plurality reasoned that a "tangible object" must be an object that is capable of being falsified or bearing a false entry. *Id*. This reasoning excluded many objects, such as a gun, because "[i]t would be unnatural . . . to describe a killer's act of wiping fingerprints from a gun as 'falsifying' the murder weapon." *Id*. This reasoning applies with equal force to an automobile. In short, it would be just as unnatural to describe a torched sedan as falsified.

Third, the plurality's footnote eight is particularly instructive. In footnote eight, the plurality acknowledges that its narrowed construction of § 1519 *excludes* burning an automobile and a corpse to obstruct a murder investigation, noting that such conduct would be punishable under another law – 18 U.S.C. § 844(h). Similarly, repainting a van to cover up evidence of a fatal arson is not within the scope of § 1519, but would be punishable under 18 U.S.C. § 3. *Yates*, 135 S. Ct. at 1088, n. 8 (recognizing that its narrow construction would exclude conduct previously held to violate § 1519 as in *United States v. McRae*, 702 F.3d 806 (5th Cir. 2012) which had held that burning a car to obstruct a murder investigation was a violation of § 1519).

Fourth, the concurring opinion *Yates* provided instructive examples. Describing objects *not* used to record or preserve information, Justice Alito's concurrence identifies "an antelope, a colonial farmhouse, a hyrdofoil, [] an oil derrick . . . crocodile[s], salamanders, satellites, [] sand dunes . . .

4

[or] fish." *Id*. at 1089. As to objects that *are* tangible under § 1519, the plurality identifies: computers, servers, hard drives, and logbooks. *Id*. at 1081. Both the concurrence and the plurality opinion distinguished these groups of objects on the basis of whether the object was "similar to a record or document" or something that stored such items magnetically, optically, digitally or through another electronic medium. *See Id*. at 1089 (Alito, J., concurring); *see also id*. at 1085-86 (Ginsburg, J., plurality). Here, a 1996 Saab sedan is more similar to a hydrofoil or a satellite than a hard drive or a log book. *See generally* Joe Raposo & Jon Stone, *One Of These Things (is Not Like The Others)* Columbia (1970).

Finally, *Yates* plurality cited the rule of lenity to support its narrow construction of § 1519. *Id.* at 1088. That rule applies to the instant case as well.

C.   Government's Counter Argument

The government contends that an automobile falls within the Supreme Court's definition of a "tangible object" because an automobile can be used to record or preserve information. As proof, the government cites (1) the odometer of a typical automobile, which records the number of miles an automobile travels; (2) the Vehicle Identification Number (VIN) typically appearing on an automobile; and (3) the license plate which is typically affixed to an automobile. According to the government, all of this information is either recorded or stored by an automobile, and thus an automobile is a "tangible object" as the Supreme Court defined it in *Yates*. Thus, because Carroll and Lee burned that "tangible object," which belonged to Rana, in order to obstruct the murder investigation § 1519 literally applies. The government's argument is unpersuasive.

As an initial matter, the argument that an inscription affixed upon an object which identifies the object itself – such as a VIN or license plate – can transform an otherwise non-tangible object into a tangible one defies the holding and exemplars of *Yates*. In *Yates*, the Court expressly stated that a tangible object is "***used*** to record or store information." *Yates*, 135 S. Ct. at 1079. That is not the function of a VIN on a car.[1]

---

[1] The erroneous nature of this argument is further underscored by the plurality and concurrence's examples of non-tangible objects – *e.g.* gun, satellite, hydrofoil. *See Yates*, 135 S. Ct. at 1089 (Alito, J., concurring). Each of those objects is typically engraved with an identification or model number. Obliterating the serial number on a gun may be criminally punishable, but not as a

The government's reliance on the fact that in burning the car, Defendants also destroyed its odometer is misplaced. While a car may contain something that might on its own constitute a tangible object – *e.g.* an odometer which has the function of recording information – the indictment does not allege that Carroll or Lee destroyed an odometer to obstruct an investigation. It alleges that the defendants destroyed a 1996 Saab sedan to obstruct an investigation. Just because a car may contain tangible objects such as an odometer, a laptop, cell phone or log book, does not transform the subject of the indictment – the car – into a tangible object. The Court must take the indictment as it finds it in assessing the applicability of § 1519.

More fundamentally, the government attempts to divorce the definition of "tangible object" from the defendants' purpose in obstructing an investigation is meritless. The government contends that the *Yates* inquiry into what constitutes a tangible object is a completely separate and unrelated question as to the defendant's alleged purpose under § 1519. Although *Yates* did not confront this particular argument, its analysis in narrowly construing § 1519 makes clear that the government's expansive and disjointed reading of § 1519 is unwarranted. At bottom, § 1519 prohibits a defendant from destroying a tangible object "with the intent to impede, obstruct, or influence the investigation." In view of the historic context and legislative purpose of § 1519, to violate § 1519, the defendants' purpose of obstruction must be carried out by destroying, altering, or falsifying data, whether by acting on the data itself or an object which records or preserves such data. That is the gist of § 1519 as *Yates* makes clear. One does not violate § 1519 if destruction of a tangible object (*e.g.*, an odometer) is merely incidental and immaterial to one's purpose in destroying another object (*e.g.*, the entire car). For example, burning a victim's suitcase to conceal the fact that the victim had been traveling would not violate § 1519 if the suitcase, unbeknownst to defendant, contained a laptop computer. Indeed, in footnote 8 of *Yates*, the plurality noted burning a car to destroy the corpse therein is not a violation of § 1519; nothing in *Yates* suggests the fact that the car had an odometer would have made a material difference to the Court's conclusion. To countenance the

---

violation of § 1519 of SOX.

construction urged by the government would tear § 1519 from its historical mooring and yield results well beyond its legislative purpose. It would also be inconsistent with the rule of lenity.

While one may conceive of a case where one destroys a car *because* of the information recorded on the odometer, that is not what is here. The defendants are charged with allegedly destroying the Saab qua Saab (the victim's car), and not the information in the odometer, to obstruct an investigation. In sum, the indictment fails to allege Defendants destroyed a tangible object in order to obstruct an investigation.

Accordingly, for the reasons the discussed, the Court **GRANTS** Defendants' motion to dismiss Counts four, five and six of the indictment.

This order disposes of Docket Nos. 114 and 115.

IT IS SO ORDERED.

Dated: May 13, 2015

_____
EDWARD M. CHEN
United States District Judge

7